1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   MADONNA YAGUIL,                  No.  2:14-cv-00110-JAM-DAD

12              Plaintiff,

13      v.                            **ORDER GRANTING DEFENDANT'S**
                                      **MOTION TO DISMISS**
14   GARY LEE, et al.,

15              Defendant.

16

17       This matter is before the Court on Defendant Gary Lee's

18   ("Defendant") Motion to Dismiss Plaintiff's Complaint (Doc. #8).

19   Plaintiff Madonna Yaguil ("Plaintiff") opposes the motion (Doc.

20   #9) and Defendant replied (Doc. #10).[1]  For the reasons set forth

21   below, Defendant's Motion to Dismiss Plaintiff's Complaint is

22   GRANTED.

23

24       I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

25       Plaintiff originally filed this action on January 16, 2014,

26   _____

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28   for April 9, 2014

                                      1

1   against Defendant.  In the complaint, Plaintiff alleges that

2   Defendant has breached the I-864 Affidavit of Support.

3       Plaintiff is a Philippine citizen.  She married Defendant, a

4   United States Citizen, on April 28, 2011.  As part of Plaintiff's

5   naturalization process, Defendant signed United States

6   Citizenship and Immigration Services Form I-864 ("I-864

7   Affidavit").  <u>See generally</u> Aff., Compl. Ex. A, Doc. #2.  By

8   signing the I-864 Affidavit, Defendant promised to provide any

9   support necessary to maintain Plaintiff at an income of no less

10   than 125 percent of the Federal Poverty Guidelines.  <u>Id.</u>  As the

11   form explains, the I-864 Affidavit "create[s] a contract between

12   [the sponsor] and the U.S. Government," which can be enforced by

13   the sponsored immigrant.  Aff. at 6.  The sponsor's obligation

14   ends if the sponsored immigrant (1) becomes a U.S. citizen, (2)

15   works 40 quarters as defined by the Social Security Act, (3) no

16   longer has lawful permanent resident status and permanently

17   leaves the United States, (4) receives a new grant of adjustment

18   of status based on a new Affidavit of Support, or (5) dies.  <u>Id.</u>

19   at 7.  The form states, "Note that divorce does not terminate

20   your obligations under this Form I-864."  <u>Id.</u>

21       On November 7, 2013, a Judgment of Divorce was entered in

22   the Superior Court for the State of California, County of

23   Sacramento.  Compl. ¶ 13.  Plaintiff alleges that since at least

24   November 7, 2013, Defendant has not maintained Plaintiff at an

25   income that is at least 125 percent of Federal Poverty

26   Guidelines.  <u>Id.</u> ¶ 14.

27

28

2

II.   OPINION

A.   Judicial Notice

Defendant requests judicial notice of four filings in Gary T. Lee Jr. v. Madonna Yaguil Lee, 12FL06880, Superior Court of California, County of Sacramento: Respondent's Statement of Issues, Family Law Stipulation and Order, Judgment for Dissolution, and Notice of Entry of Judgment.   Exs. A-D, Defendant's Request for Judicial Notice ("DRJN"), Doc. #8-1. These documents are appropriate for judicial notice because federal courts are allowed to take judicial notice of proceedings in other courts.   U.S. ex rel Robinson Rancheria Citizens Council v. Boerno, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citing St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169 (10th Cir. 1979)).   Accordingly, the Court grants Defendant's request for judicial notice.

B.   Discussion

Defendant contends that res judicata applies to this action because the parties have already litigated the issue of support in state court during the divorce proceedings.   Plaintiff responds that the divorce judgment has no preclusive effect in this instance because the state court did not decide the I-864 Affidavit support issue.

Res judicata, also known as claim preclusion, prohibits lawsuits on "any claims that were raised or could have been raised" in a prior action.   Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (quoting W. Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997)).   In order for a claim to be barred by res judicata, there must be "(1) an

1    identity of claims, (2) a final judgment on the merits, and

2    (3) identity or privity between parties." Id.

3       Plaintiff only disputes the first requirement, identity of

4    claims, arguing that spousal support is different from I-864

5    Affidavit support.  However, in the statement of issues filed by

6    Plaintiff in the parties' marital dissolution action, Plaintiff

7    stated that Defendant should pay spousal support because "[s]ince

8    the separation (19[]months) my sponsor Mr. Gary Lee failed to

9    comply the I-864 [sic]."  Respondent's Statement of Issues, Ex.

10   A, Doc. #8-1, at 5.  Plaintiff acknowledges that the I-864

11   Affidavit was part of the documents for the settlement

12   conference, but then argues that at the settlement conference,

13   "the issue was apparently dropped."  Opp. at 2.  In addition, in

14   her declaration, Plaintiff states that she did not waive or

15   intend to waive any right to support under the I-864 Affidavit.

16   Declaration of Madonna Yaguil, Doc. #9-3, ¶ 3.  However, there is

17   no evidence that the issue was dropped.  Therefore, even if

18   spousal support is different from I-864 Affidavit support,

19   Plaintiff raised it as an issue in the marital dissolution action

20   under the heading for spousal support thereby removing any

21   distinction between the two.  For example, in Nguyen v. Dean, the

22   court rejected the plaintiff's argument that spousal support was

23   different from I-864 financial support because the exhibits

24   attached showed that the plaintiff presented evidence and argued

25   that the divorce court should award plaintiff support based on

26   the I-864 Affidavit.  Nguyen v. Dean, CIV. 10-6138-AA, 2011 WL

27   130241, *2-3 (D. Or. Jan. 14, 2011).

28       Because Plaintiff raised this issue in state court, this

4

1   case is different from the cases cited by Plaintiff: <u>Erler v.</u>

2   <u>Erler</u>, CV-12-2793-CRB, 2013 WL 6139721 (N.D. Cal. Nov. 21, 2013)

3   and <u>Shah v. Shah</u>, CIV. 12-4648 RBK/KMW, 2014 WL 185914 (D.N.J.

4   Jan. 14, 2014).  In <u>Erler</u>, the court held that the divorce

5   judgment did not void the I-864 Affidavit because the divorce

6   judgment was based on the premarital agreement and the Affidavit

7   did not go to the validity of the premarital agreement.  <u>Erler</u>,

8   CV-12-2793-CRB, 2013 WL 6139721, at *3.  In <u>Shah</u>, the court held

9   that the there was no evidence in the record that the plaintiff's

10  claim was litigated and decided by another court.  <u>Shah</u>, CIV. 12-

11  4648 RBK/KMW, 2014 WL 185914, at *3.  Here, contrastingly, there

12  was no premarital agreement and Defendant has provided evidence

13  that this issue was previously litigated.

14      Accordingly, because there is identity of claims, res

15  judicata applies.  The Court does not grant Plaintiff leave to

16  amend because the claim cannot be saved by amendment.

17  Consequently, the Court need not address Defendant's alternative

18  <u>Rooker-Feldman</u> argument.

19

20                          III.   ORDER

21      For the reasons set forth above, the Court GRANTS WITHOUT

22  LEAVE TO AMEND Defendant's Motion to Dismiss.

23      IT IS SO ORDERED.

24  Dated:  April 9, 2014

25

26                          JOHN A. MENDEZ,
                            UNITED STATES DISTRICT JUDGE

27

28

                                   5