UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADONNA YAGUIL,<br><br>    Plaintiff,<br><br>    v.<br><br>GARY LEE, et al.,<br><br>    Defendant. | No. 2:14-cv-00110 JAM-DAD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES** |

This matter is before the Court on Defendant Gary Lee's ("Defendant") Motion for Attorney's Fees (Doc. #14). Plaintiff Madonna Yaguil ("Plaintiff") opposes the motion (Doc. #15). No reply brief was filed.[1] For the reasons set forth below, Defendant's Motion for Attorney's Fees is DENIED.

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff originally filed this action on January 16, 2014, against Defendant. In the complaint, Plaintiff alleged that

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 9, 2014.

1

Defendant had breached the I-864 Affidavit of Support.  On April 10, 2014, the Court granted Defendant's motion to dismiss Plaintiff's complaint because res judicata applied.

Plaintiff is a Philippine citizen.  She married Defendant, a United States Citizen, on April 28, 2011.  As part of Plaintiff's naturalization process, Defendant signed United States Citizenship and Immigration Services Form I-864 ("I-864 Affidavit").  See generally Aff., Compl. Ex. A, Doc. #2.  By signing the I-864 Affidavit, Defendant promised to provide any support necessary to maintain Plaintiff at an income of no less than 125 percent of the Federal Poverty Guidelines.  Id.  As the form explains, the I-864 Affidavit "create[s] a contract between [the sponsor] and the U.S. Government," which can be enforced by the sponsored immigrant.  Aff. at 6.  It further provides that the sponsor "may also be required to pay the costs of collection, including attorney fees."  Id. at 7.

II.   OPINION

A.   Discussion

Defendant requests attorney's fees pursuant to California Civil Code section 1717 ("Section 1717"), which authorizes contractual agreements for attorney fee awards, because I-864 Affidavit is a contract that provides for attorney's fees to the prevailing party.  Plaintiff argues 8 U.S.C. § 1183a only permits attorney's fees in actions to enforce an affidavit of support.

An I-864 Affidavit is enforceable under § 1183a.  See 8 U.S.C. § 1183a(e) ("An action to enforce an affidavit of support . . . may be brought against the sponsor in any appropriate court

2

by a sponsored alien, with respect to financial support."). Further, under § 1183a, the remedies available "to enforce [an I-864 Affidavit] under this section include . . . payment of legal fees and other costs of collection, and include corresponding remedies available under State law." 8 U.S.C § 1183a(c)(emphasis added).

Section 1717 "ensure[s] mutuality of remedy for attorney fee claims under contractual attorney fee provisions." Santisas v. Goodin, 17 Cal.4th 599, 610 (1998). The statute provides, in relevant part, "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." Cal. Civ. Code § 1717(a).

    1. Whether Section 1717 Applies

The threshold question is whether Section 1717 applies to § 1183a in this case. On this point, Defendant states that federal courts apply state law when interpreting and enforcing fee-shifting agreements, citing Ford v. Baroff, 105 F.3d 439, 442 (9th Cir. 1997). Mot. at 3. In Ford, the court held that if California law governed a fee clause in an agreement, the court should apply California law in its disposition of the motion for fees. Id. (citing In re Johnson, 756 F.2d 738, 741 (9th Cir. 1985)). Conversely, in Johnson, the court held that federal law governs entitlement to attorney's fees when federal law governs

the substantive issues before the court.  756 F.2d at 741.

In this case, the I-864 Affidavit creates a legally enforceable contract.  However, it is enforceable pursuant to a federal statute, § 1183a, and § 1183a(c) authorizes attorney's fees.  Therefore, a suit to enforce an I-864 Affidavit arises under federal law.  See Wenfang Liu v. Mund, 686 F.3d 418, 419 (7th Cir. 2012), as amended (July 27, 2012)(holding that a suit to enforce an I-864 Affidavit "arises under federal law, making the federal district court an 'appropriate court' in which to bring the suit.")

Because federal law, not California law, governs the enforcement of an I-864 Affidavit, Section 1717 does not apply.

### 2.   Attorney's Fees under § 1183a

As mentioned above, § 1183a(c) authorizes attorney's fees "to enforce" an I-864 Affidavit.  Moreover, as Plaintiff indicates, "There is nothing in the statutory language providing fees to a 'prevailing party.'"  Opp. at 2.

Courts interpreting fee-shifting statutes with a "prevailing party" attorney's fee provision usually adopt a dual standard approach, "under which prevailing plaintiffs are generally awarded attorney's fees as a matter of course, while defendants must show that the original suit was frivolous or brought in bad faith," but they may also adopt an evenhanded approach, "in which no distinction is made between prevailing plaintiffs and prevailing defendants." Fogerty v. Fantasy, Inc., 510 U.S. 517, 517 (1994).  If Congress intended to allow defendants to recover attorney's fees pursuant to § 1183a(c), either under a dual standard or an evenhanded approach, this Court would have

expected it to include a prevailing party provision.  Instead, from the plain meaning of § 1183a(c), Congress intended only for parties who filed a lawsuit "to enforce an affidavit of support" to recover attorney's fees.  In this case, Defendant was the prevailing party but he did not bring this suit to enforce an affidavit of support.

Accordingly, the Court finds that under § 1183a(c), Defendant is not entitled to attorney's fees.

### III.  ORDER

For the reasons set forth above, the Court denies Defendant's Motion for Attorney's Fees.

IT IS SO ORDERED.

Dated: August 12, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE